# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X          Index No.:
LUIS FERNANDEZ VARGAS,

                              Plaintiff,          Plaintiff designates Bronx
                                     County as the place of trial

                                     The basis of the venue selected
       -against-          is the place of the occurrence

GAYLAND DESOMND AMAKER, J.B. HUNT          **SUMMONS**
TRANSPORT, INC. and JONATAN R. PENA,

                                     Plaintiff resides at:
                                     738 South Second Street
                     Defendants.          Plainfield, New Jersey 07060
-------------------------------------------------------------X
To the above named Defendants:          c/o  CSC

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the Attorneys for Plaintiff within **20** days after the service of this Summons,
exclusive of the day of service (or within **30** days after the service is complete if this Summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Lake Success, New York
       January 6, 2022

                         Yours, etc.

                         *Harley S. Fastman Esq.*

                         _____
                         THE FASTMAN LAW GROUP P.C.
                         By: Harley S. Fastman, Esq.
                         Attorneys for Plaintiff
                         2001 Marcus Avenue, Suite S90
                         Lake Success, New York 11042
                         (516) 437-7300

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/06/2022

To: Defendants

DESMOND GAYLAND AMAKER
62 Burford Avenue
West Springfield, Massachusetts 01089

J.B. HUNT TRANSPORT, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207

JONATAN R. PENA
28 Sumner Avenue, Apt. 3L
Springfield, Massachusetts 01108

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X     Index No.:
LUIS FERNANDEZ VARGAS,

                                        Plaintiff,

                                                          **VERIFIED**
                                                          **COMPLAINT**

            -against-


GAYLAND DESOMND AMAKER, J.B. HUNT
TRANSPORT, INC. and JONATAN R. PENA,


                                        Defendants.
-----------------------------------------------------------------X


     Plaintiff, LUIS FERNANDEZ VARGAS, by his attorneys, THE FASTMAN LAW

GROUP, P.C. complaining of the defendants, GAYLAND DESOMND AMAKER, J.B. HUNT

TRANSPORT, INC. and JONATAN R. PENA, alleges upon information and belief as follows:

### THE PARTIES

     1.    At all times hereinafter mentioned, plaintiff LUIS FERNANDEZ VARGAS was

and still is a resident of the County of Union, State of New Jersey.

     2.    At all times hereinafter mentioned, defendant GAYLAND DESOMND AMAKER

was and still is a resident of the County of Hampden, State of Massachusetts.

     3.    At all times hereinafter mentioned, defendant J.B. HUNT TRANPORT, INC. was

and still is a foreign corporation with its principal place of business in Lowell, Arizona.

     4.    At all times hereinafter mentioned, defendant J.B. HUNT TRANSPORT, INC. was

and still is a foreign corporation authorized to do business in the State of New York.

     5.    At all times hereinafter mentioned, defendant J.B. HUNT TRANSPORT, INC. was

and still is a foreign corporation transacting business in the State of New York.

6.      At all times hereinafter mentioned, defendant J.B. HUNT TRANSPORT, INC. was and still is doing business in the State of New York pursuant to the laws of the State of New York.

7.      At all times hereinafter mentioned, defendant J.B. HUNT TRANSPORT, INC. regularly does or solicits business in the State of New York and/or derives substantial revenue from goods used or consumed in the State of New York.

8.      At all times hereinafter mentioned, defendant JONATAN R. PENA, was and still is a resident of the County of Hampden, State of Massachusetts.

## AS AND FOR A FIRST CAUSE OF ACTION  FOR NEGLIGENCE AGAINST DEFENDANTS

9.      That on April 28, 2021 the defendant GAYLAND DESOMND AMAKER was the owner of a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

10.     That on April 28, 2021 the defendant GAYLAND DESOMND AMAKER was the operator of a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

11.     That on April 28, 2021 the defendant GAYLAND DESOMND AMAKER controlled a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

12.     That on April 28, 2021 the defendant GAYLAND DESOMND AMAKER managed a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

13.     That on April 28, 2021 the defendant GAYLAND DESOMND AMAKER was responsible for the maintenance of a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

14.     That on April 28, 2021, defendant J.B. HUNT TRANSPORT, INC. was the owner of a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

15.     That on April 28, 2021, defendant J.B. HUNT TRANSPORT, INC. managed a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

16.     That on April 28, 2021, defendant J.B. HUNT TRANSPORT, INC. was responsible for the maintenance of a 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316.

17.     That on April 28, 2021, defendant GAYLAND DESOMND AMAKER was in physical charge, operation and control of the aforesaid vehicle owned by defendant J.B. HUNT TRANSPORT, INC. with the knowledge, consent and permission, either express or implied, of defendant J.B. HUNT TRANSPORT, INC.

18.     That on April 28, 2021, defendant GAYLAND DESOMND AMAKER was employed by defendant J.B. HUNT TRANSPORT, INC.

19.     That on April 28, 2021, defendant GAYLAND DESOMND AMAKER operated the aforesaid motor vehicle in the course of his employment with defendant J.B. HUNT TRANSPORT, INC.

20.     That on April 28, 2021, defendant GAYLAND DESOMND AMAKER was operating the aforementioned motor vehicle in furtherance of the business of defendant J.B. HUNT TRANSPORT, INC.

21.     That on April 28, 2021, defendant GAYLAND DESOMND AMAKER was an agent of defendant J.B. HUNT TRANSPORT, INC.

22.     That on April 28, 2021, defendant J.B. HUNT TRANSPORT, INC. was vicariously liable for the negligence of defendant GAYLAND DESOMND AMAKER.

23.     That on April 28, 2021 the defendant JONATAN R. PENA was the owner of a 2005 Audi motor vehicle bearing New Jersey State registration number 016165T.

24.     That on April 28, 2021 the defendant JONATAN R. PENA was the operator of a 2005 Audi motor vehicle bearing New Jersey State registration number 016165T.

25.     That on April 28, 2021 the defendant JONATAN R. PENA controlled a 2005 Audi motor vehicle bearing New Jersey State registration number 016165T.

26.     That on April 28, 2021 the defendant JONATAN R. PENA managed a 2005 Audi motor vehicle bearing New Jersey State registration number 016165T.

27.     That on April 28, 2021 the defendant JONATAN R. PENA was responsible for the maintenance of a 2005 Audi motor vehicle bearing New Jersey State registration number 016165T.

28.     That on April 28, 2021 the plaintiff LUIS FERNANDEZ VEGA was a passenger in the 2005 Audi motor vehicle bearing New Jersey State registration number 016165T owned and operated by defendant JONATAN R. PENA.

29.     That at all times mentioned herein 95I northbound Cross Bronx Expressway at 4/10 of a mile east of the Whitestone Split, Bronx, New York was and still is a public roadway over and along which motor vehicles were accustomed to and did travel.

30.     That on April 28, 2021 the defendant GAYLAND DESOMND AMAKER was operating the 2019 International Diesel Tractor Truck bearing Indiana State registration number 272316 owned by defendant J.B. HUNT TRANSPORT, INC. on 95I northbound Cross Bronx Expressway 4/10 of a mile east of the Whitestone Split, Bronx, New York.

31.     That on April 28, 2021 the defendant JONATAN R. PENA was operating the 2005 Audi motor vehicle bearing New Jersey State license plate number 016165T on 95I northbound

Cross Bronx Expressway 4/10 of a mile east of the Whitestone Split, Bronx, New York.

32.    At the aforesaid date and place, there was contact between the motor vehicle owned by defendant J.B. HUNT TRANSPORT, INC. and operated by defendant GAYLAND DESOMND AMAKER and the motor vehicle owned and operated by defendant JONATAN R. PENA in which plaintiff was a passenger.

33.    At the aforesaid date and place, there was violent contact between the motor vehicle owned by defendant J.B. HUNT TRANSPORT, INC. and operated by defendant GAYLAND DESOMND AMAKER and the motor vehicle owned and operated by defendant JONATAN R. PENA in which plaintiff was a passenger.

34.    That as a result of the aforementioned plaintiff LUIS FERNANDEZ VARGAS sustained serious, severe and permanent personal injuries.

35.    That the aforesaid occurrence and the injuries sustained by plaintiff LUIS FERNANDEZ VARGAS were caused wholly and solely by reason of the negligent ownership, operation, control, management and maintenance of the aforesaid motor vehicles of defendants J.B. HUNT TRANSPORT, INC., GAYLAND DESOMND AMAKER and JONATAN R. PENA without any negligence on the part of the plaintiff LUIS FERNANDEZ VARGAS contributing thereto.

36.    That defendants J.B. HUNT TRANSPORT, INC., GAYLAND DESOMND AMAKER and JONATAN R. PENA were negligent, careless and reckless in the ownership, operation, management, control and maintenance of the aforesaid vehicles; in failing to keep a proper lookout; in failing to keep proper control of the aforementioned motor vehicles; in failing to operate their motor vehicles properly within their lanes of travel; in operating their motors vehicle at excessive rate of speed; in failing to see what there was to be seen under the

circumstances; and defendants were otherwise negligent, careless and reckless under the circumstances then and there existing.

37.    By reason of the foregoing, the plaintiff LUIS FERNANDEZ VARGAS sustained severe injuries and damages, was rendered sick, sore, lame and disabled, sustained severe shock, mental anguish and great physical and emotional upset all of which injuries are, upon information and belief, permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses, all to his great damage.

38.    That by reason of the foregoing, this plaintiff sustained a serious injury, as defined in Insurance Law Section 5102 (d), and has sustained economic loss greater than basic economic loss as defined in Insurance Law Section 5102 (d).

39.    That the limitations on liability set forth in CPLR Article 16 do not apply to this section since it is exempt pursuant to section 1602 of the CPLR.

40.    That by reason of the foregoing, this plaintiff has been damaged in a monetary sum to be determined by a jury during the trial of this action.

41.    That the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff LUIS FERNANDEZ VARGAS demands judgment against the defendants in a monetary amount of damages, which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, to be determined by a jury during the trial of this action, together with the interest, costs and disbursements of this action.

Dated: Lake Success, New York
       January 6, 2022

Yours, etc.

*Harley S. Fastman  Esq.*

THE FASTMAN LAW GROUP P.C.
By:  Harley S. Fastman, Esq.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S90
Lake Success, New York 11042
(516) 437-7300

Case 1:22-cv-08288-GHW   Document 1-1   Filed 10/27/22   Page 11 of 23

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                        )ss.:
COUNTY OF NASSAU   )

       I, the undersigned, an attorney admitted to practice in the courts of New York State, state:

       I am the attorney of record for the Plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Plaintiff is that the Plaintiff resides outside the county wherein I maintain my office.

       The grounds of my belief as to all matters so stated upon my own knowledge are as follows: information gathered in my file.

Dated: Lake Success, New York
       January 6, 2022

*Harley S. Fastman, Esq.*

                       Harley S. Fastman, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X     Index No.:
LUIS FERNANDEZ VARGAS,

                            Plaintiff,


            -against-


GAYLAND DESOMND AMAKER, J.B. HUNT
TRANSPORT, INC. and JONATAN R. PENA,

                            Defendants.
-----------------------------------------------------------------X

-------------------------------------------------------------------------------------------------------------------

## SUMMONS AND COMPLAINT

-------------------------------------------------------------------------------------------------------------------


Yours, etc.,

THE FASTMAN LAW GROUP, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S90
Lake Success, New York 11042
(516) 437-7300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x

LUIS FERNANDEZ VARGAS,                                Index No.: 800266/2022E

                            Plaintiff,               **VERIFIED ANSWER TO**
                                                     **VERIFIED COMPLAINT**
            - against -                              <u>**WITH CROSS-CLAIMS**</u>

GAYLAND DESOMND AMAKER,
J.B. HUNT TRANSPORT, INC.
and JONATAN R. PENA,

                            Defendants.
------------------------------------------------------------------------x

Defendants GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B.

HUNT TRANSPORT, INC., by and through their attorneys, GALLO VITUCCI KLAR LLP

answering the Verified Complaint of Plaintiff, respectfully state and allege, upon information and

belief as follows:

1.      Deny any knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs "1", "3", "4", "5", "6", "7" and "8" of the Verified Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION FOR**
<u>**NEGLIGENCE AGAINST DEFENDANTS**</u>

2.      Deny each and every allegation contained in paragraphs "9", "22", "32", "33",

"34", "35", "36", "37", "40" and "41" of the Verified Complaint.

3.      Deny any knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs "11", "12", "13", "14", "15", "16", "17", "19", "20", "21", "22", "23",

"24", "25", "26", "27", "28", "29", "30" and "31" of the Verified Complaint.

4.      Deny each and every allegation contained in paragraphs "38" and "39" of the

Verified Complaint, and respectfully refer all questions of law to the Honorable Court at the time

of trial of this matter.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.      That any injuries and/or damages sustained by the Plaintiff, as alleged in the

Verified Complaint therein, were caused in whole or in part by the contributory negligence,

negligence *per se* and/or culpable conduct of said Plaintiff and not as a result of any contributory

negligence and/or culpable conduct on the part of the answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.      The Defendants not being fully advised as to all the facts and circumstances

surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of

accord and satisfaction, arbitration and award, assumption of risk, contributory negligence,

discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow

servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations,

waiver, and any other matter constituting an avoidance or affirmative defense which the further

investigation of this matter may prove applicable herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7.      Pursuant to CPLR 4545, if it be determined or established that Plaintiff have

received or with reasonable certainty shall receive the cost of medical care, dental care, custodial

care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be

replaced or indemnified, in whole or in part from any collateral source such as insurance (except

for life insurance), social security (except for those benefits provided under title XVIII of the Social

Security ACT), workers' compensation or employee benefit programs (except such collateral

source entitled by law to liens against any recovery of the Plaintiff), then and in that event, the

answering Defendants hereby plead in mitigation of damages the assessment of any such cost or

expense as a collateral source in reduction of the amount of the award by such replacement or

indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

<div align="center">

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

</div>

8.      Pursuant to CPLR Article 16, the liability of Defendants, if any, to the Plaintiff for non-economic loss is limited to his equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

<div align="center">

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

</div>

9.      A.      The accident described in the Plaintiff's Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff have no right to institute, maintain or prosecute this action and is barred from doing so.

B.      The Plaintiff did not sustain a serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

<div align="center">

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

</div>

10.      That by entering into the activity in which the Plaintiff were engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the

inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by her in performing and engaging in said activities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.     The Verified Complaint fails to state a cause of action, cognizable in equity or law against these answering Defendants and must therefore be dismissed.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.     The Plaintiff's Verified Complaint should be dismissed since the claims against Defendants are frivolous; and costs and attorneys' fees should be awarded to Defendants pursuant to CPLR §8303-a.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14.     Plaintiff is bound by the provisions of the Workers' Compensation Law of the State of New York and, by virtue of the statutes therein, contained is restricted and limited to recovery under the provisions of said Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.     The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16.     The Plaintiff failed to use safety devices available to the Plaintiff at the time of the events alleged in the Plaintiff's Verified Complaint and the Plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

17.     The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

18.     The answering Defendants bear no responsibility for the incident complained of, which was caused entirely by the unforeseeable, superseding intervening acts of third parties over which the answering Defendants exercised no control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

19.     The Court lacks jurisdiction over the Defendants due to Plaintiff's improper service of process.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

20.     There  exists complete diversity of citizenship

## AS AND FOR A FIRST CROSS-CLAIM OVER AND AGAINST CO-DEFENDANT JONATAN R. PENA

21.     In the event that GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. herein are held liable for all or any part of the damages alleged to have been sustained by Plaintiff, as set forth in the Verified Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of JONATAN R. PENA, without any fault, negligence or want of care on the

part of GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. herein contributing thereto, and as such, the JONATAN R. PENA is liable over to GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. for contribution for the Co-Defendant's proportionate share of any judgment or recovery that Plaintiff may obtain.

**AS AND FOR A SECOND CROSS-CLAIM OVER AND AGAINST CO-DEFENDANT JONATAN R. PENA**

22.     In the event that GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. are held liable for all or any part of the damages alleged to have been sustained by Plaintiff, as set forth in the Verified Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of JONATAN R. PENA without any fault, negligence or want of care on the part of GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. contributing thereto, JONATAN R. PENA will be obligated to indemnify GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. for common-law indemnification herein against such loss or damages as it may suffer, including without limitation any judgment entered against GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. and all costs, disbursements, expenses and attorneys' fees incurred in the defense of this action, as provided by applicable law.

**PLEASE TAKE NOTICE** that demand is hereby made, pursuant to CPLR Section 3011, that JONATAN R. PENA serve an answer to the Cross-Claims asserted herein within 20 days or judgment will be taken against GAYLAND DESMOND AMAKER i/s/h/a GAYLAND

DESOMND and J.B. HUNT TRANSPORT, INC. by default for the relief demanded herein.

**WHEREFORE**, Defendants GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC. demand judgment dismissing the Verified Complaint, including all claims and cross-claims, or in the event Plaintiff recovers a verdict or judgment against GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC., then GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC., demand judgment over and against the parties above-named, together with attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, Defendants GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC., demand judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
        January 26, 2022

                            Yours etc.,

                            GALLO VITUCCI KLAR LLP

                            _____
                            By:    Heather C. Ragone, Esq.
                            *Attorneys for Defendants*
                            *Gayland Desmond Amaker i/s/h/a*
                            *Gayland Desomnd and J.B. Hunt Transport, Inc.,*
                            90 Broad Street, 12th Floor
                            New York, New York 10004
                            (212) 683-7100
                            Email: hragone@gvlaw.com

TO:
        THE FASTMAN LAW GROUP, P.C.
        *Attorney for Plaintiff*
        *Luis Fernandez Vargas*
        2001 Marcus Avenue, Suite S90
        Lake Success, New York 11402
        (516) 437-7300

JONATAN R. PENA
28 Sumner Avenue, Apt. 3L
Springfield, Massachusetts 01108
*No Appearance To Date*

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK      )
                              ) ss.:
COUNTY OF NEW YORK   )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is a member with the firm of GALLO VITUCCI KLAR LLP attorneys for Defendants GAYLAND DESMOND AMAKER i/s/h/a GAYLAND DESOMND and J.B. HUNT TRANSPORT, INC.

That her has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendants is that said party resides outside the county in which your deponent maintains her office.

That the source of your deponent's information and the grounds of her belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
       January 26, 2022

_____
HEATHER C. RAGONE

## <u>AFFIDAVIT OF SERVICE VIA NYSCEF</u>

       Claudette Garraud, being duly sworn, deposes and says that she is not a party to the within action, is over the age of 18 years and resides in the County of Queens, and that on the on the 26th day of January, 2022 served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

<div align="center">

THE FASTMAN LAW GROUP, P.C.
*Attorney for Plaintiff*
*Luis Fernandez Vargas*
2001 Marcus Avenue, Suite S90
Lake Success, New York 11402
(516) 437-7300

JONATAN R. PENA
28 Sumner Avenue, Apt. 3L
Springfield, Massachusetts 01108
*No Appearance To Date*

</div>

                                                  _____
                                                      Claudette Garraud

Sworn to before me this
26th day of January, 2022

_____
        Notary Public

<div style="border:1px solid black;">

**Mary Thompson**
**Notary Public – State of New York**
**No. 01TH6044466**
**Qualified in Richmond County**
**Commission Expires on July 3, 2022**

</div>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                    Index No.: 800266/2022E

LUIS FERNANDEZ VARGAS,

                         Plaintiff,

          - against -

GAYLAND DESOMND AMAKER,
J.B. HUNT TRANSPORT, INC.
and JONATAN R. PENA,

                      Defendants.

**VERIFIED ANSWER TO VERIFIED COMPLAINT WITH CROSS-CLAIMS**

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Gayland Desmond Amaker i/s/h/a*
*Gayland Desomnd and J.B. Hunt Transport, Inc.,*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Email: hragone@gvlaw.com